UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| FRANK BATES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:12-CV-387 |
| | § | |
| RICHARD N LAMINACK, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are Plaintiff Eddie Kinnard's ("Kinnard") Emergency Motion to Reconsider Order Granting Defendants' Motion to Enforce Arbitration Clause & Stay Arbitration (D.E. 100) and an Amended Emergency Motion to Reconsider Order Granting Defendants' Motion to Enforce Arbitration Clause (D.E. 106) filed by all 33 Plaintiffs in this action. Defendants the O'Quinn Firm; T. Gerald Treece, Independent Executor of the Estate of John M. O'Quinn, Deceased; Michael Lowenberg; Christian A. Steed; Richard Laminack; Thomas Pirtle; and Buffy Martines (collectively "Defendants") have responded to both motions (D.E. 102, 108), lodged objections to portions of Plaintiffs' evidence (D.E. 109), and filed supplemental briefing on this matter (D.E. 115, 128), to which Plaintiffs responded (D.E. 112, 113, 116).

For the reasons set forth below, Kinnard's motion to reconsider (D.E. 100) is **GRANTED** and Plaintiffs' motion to reconsider (D.E. 106) is **DENIED**.

**I. Background**

In the early 2000s, Plaintiffs sought to pursue silicosis claims. At one point in their underlying silica lawsuits, Plaintiffs were represented by the O'Quinn Law Firm (OLF) and remaining Defendants. In order to engage OLF, Plaintiffs executed a Power of Attorney and Contingency Fee Contract that contained a mandatory arbitration clause.

On December 14, 2012, Plaintiffs filed this action against Defendants alleging claims for legal malpractice, fraud, and breach of fiduciary duty related to Defendants' representation of Plaintiffs in their underlying silica lawsuits. Pursuant to the OLF Power of Attorney that Plaintiffs signed, Defendants moved to compel and/or consented to arbitration, which Plaintiffs opposed. On September 3, 2013, the Court granted Defendants' motions to compel arbitration, thereby staying this action and ordering the parties to arbitrate their claims.

Shortly thereafter, Plaintiffs brought 33 separate arbitration proceedings against Defendants in Harris County, Texas, to be administered by the American Arbitration Association (AAA) as set forth in the OLF Power of Attorney. Plaintiff Kinnard was the first to file his arbitration complaint. On February 6, 2014, the AAA confirmed the appointment of Edward "Trey" Bergman III ("the Arbitrator") as arbitrator over Kinnard's claim and scheduled an initial hearing for March 6, 2014. During the hearing, the Arbitrator issued an oral order that the final hearing on Kinnard's case would be held one week later, on March 13, 2014. The Arbitrator's oral order further granted Kinnard's request that the AAA's Supplementary Procedures for Consumer-Related Disputes (the "Consumer Rules") would apply. As a result, the hearing would last no more than one

day; each party would have an equal opportunity to present its case, which amounted to 40 minutes per party; each party could submit a brief no longer than 10 pages; and the parties would not be required to exchange exhibit or witness lists before the hearing. Proposed Order, D.E. 100, Ex. 7, pp. 1–2. However, the Arbitrator has not yet signed an order to this effect.

On March 10, 2014, Plaintiff Kinnard filed his Emergency Motion to Reconsider Order Granting Defendants' Motion to Enforce Arbitration Clause & Stay Arbitration, asking the Court to "reconsider its previous order as to *his* claims." D.E. 100, p.5 (emphasis added). The following day, the Court held a telephonic hearing on the motion and granted Kinnard's request to stay his arbitration until he could file an amended motion and Defendants could respond. D.E. 104, pp. 23:24–24:3. On March 21, 2014, all 33 Plaintiffs filed a joint amended motion to reconsider, whereby they moved the Court to "reconsider its September 3, 2013 Order granting Defendants' motions to enforce arbitration clause [D.E. 95] and allow these claims to proceed forward in this Honorable Court or, alternatively, enter an Order setting forth fair and equitable arbitration parameters so that Plaintiffs may adequately present their claims in the same low-cost manner that they would be afforded if they were to litigate their claims in this Honorable Court." D.E. 106, p. 1.

## II. Legal Standard

The Federal Rules do not explicitly provide for motions for reconsideration of interlocutory orders. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339

(5th Cir. 1997). However, in *T-M Vacuum Products*, the Southern District of Texas–Houston Division succinctly provided the legal standard applicable to such motions:

> A court retains the power to revise any interlocutory order before the entry of judgment adjudicating all the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A motion seeking reconsideration of a judgment or order is generally considered a motion to alter or amend a judgment under Rule 59(e) if it seeks to change the order or judgment issued. *Standard Quimica De Venezuela v. Cent. Hispano Int'l, Inc.*, 189 F.R.D. 202, 204 (D.P.R. 1999). Rule 59(e)'s legal standards are applied to motions for reconsideration of interlocutory orders.

*T-M Vacuum Prods., Inc. v. TAISC, Inc.*, 2008 WL 2785636, *2 (S.D. Tex. July 16, 2008). Accordingly, the Court will analyze Plaintiffs' motions using the same criteria applicable to a motion to alter or amend the judgment pursuant to Rule 59(e).

A Rule 59(e) motion "calls into question the correctness of a judgment," *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004), and thus "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Schiller v. Physicians Res. Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). "Like a motion under Rule 59(e), a motion to reconsider may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised before the entry of the judgment or order." *T-M Vacuum Prods.*, 2008 WL 2785636 at *2 (citing 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 127–28 (2d ed. 1995) (footnotes omitted)); *see also Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003).

**III. Kinnard's Motion to Reconsider**

Kinnard argues that the arbitration clause set forth in the OLF Power of Attorney limits his right to effectively vindicate his claims because: (1) the hearing is to last one day; (2) he has only 40 minutes to present his case; and (3) no discovery is permitted. Kinnard also alleges that the arbitration clause in the OLF Power of Attorney violates the AAA's Consumer Due Process Protocol and is therefore void, and that the application of the clause is "horribly oppressive" as evidenced by the Arbitrator's oral order. Defendants respond that it is not the arbitration clause with which Kinnard has a problem, but the Arbitrator's application of the Consumer Rules, under which Kinnard filed his claim and his counsel repeatedly requested that the AAA apply.

Before considering the substantive merits of Kinnard's motion, the Court must first address the issue of subject matter jurisdiction over Kinnard's claim, as raised in Defendants' response to Kinnard's motion. Although Defendants did not fully brief this issue, the Court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *Free v. Abbott Labs., Inc.*, 164 F.3d 270, 272 (5th Cir. 1999) ("[A] federal court must always be satisfied that subject matter jurisdiction exists and must even raise the issue sua sponte . . . .").

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and in which

diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Here, no grounds exist for establishing subject matter jurisdiction based on federal question, as the Federal Arbitration Act does not itself bestow federal jurisdiction, but rather requires an independent jurisdictional basis. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008). Instead, as alleged in Plaintiffs' First Amended Complaint, jurisdiction over this action is based on diversity of citizenship and the amount in controversy.

"The Supreme Court has long interpreted § 1332's phrase 'matter in controversy' not to allow multiple plaintiffs to add together 'separate and distinct demands, unite[d] for convenience and economy in a single suit,' to meet the requisite jurisdictional level." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995) (citing *Snyder v. Harris*, 394 U.S. 332, 336 (1969) (quoting *Troy Bank v. G.A. Whitehead & Co.*, 222 U.S. 39, 40 (1911)); *Zahn v. International Paper Co.*, 414 U.S. 291, 301 (1973)). "The general rule is that each plaintiff who invokes diversity of citizenship jurisdiction must allege damages that meet the dollar requirement of § 1332." *Id.*

When considering whether the amount in controversy requirement has been met in a motion to compel arbitration, courts "should look through to the possible award resulting from the desired arbitration, since the petition to compel arbitration is only the initial step in litigation which seeks as its goal a judgment affirming the award." *Webb v. Investacorp., Inc.*, 89 F.3d 252, 256 (5th Cir. 1996) (quoting *Davenport v. Procter & Gamble Mfg. Co.*, 241 F.2d 511, 514 (2d Cir. 1957)). Therefore, "the amount in controversy in a motion to compel arbitration is the amount of the potential award in the underlying arbitration proceedings." *Id.*

Plaintiffs' First Amended Complaint alleges that each individual Plaintiff's claim is greater than $75,000.00. D.E. 43, p.6. However, Kinnard's motion to reconsider states that his claim against Defendants in arbitration is only $10,000.00. D.E. 100, p.17. Kinnard has made no attempt to correct this $10,000.00 figure as a typographical error or otherwise respond to Defendants' argument that this figure "raises serious amount-in-controversy jurisdictional issues." D.E. 108, p.13.

Because the amount of the potential award in the underlying arbitration proceedings is only $10,000.00, the amount-in-controversy requirement has not been met, and the Court does not have subject matter jurisdiction over Kinnard's claims. It does not have jurisdiction to decide Kinnard's claims, to compel arbitration, or to vacate or confirm the Arbitrator's award, even if the Arbitrator awards Kinnard the full amount he is seeking. *See Webb*, 89 F.3d at 256; *Kearns v. MBNA America Bank, N.A.*, 2004 WL 2512742, *1 (N.D. Tex. Nov. 5, 2004) (jurisdiction lacking where arbitration award was $19,306.74, "well below the required amount in controversy for diversity jurisdiction"); *Hodges v. UBS Painewebber, Inc.*, 2004 WL 433791, *2 (N.D. Tex. Mar. 8, 2004) (Kaplan, Mag. J.) (jurisdiction lacking over application to vacate arbitration award where total award plaintiff sought to vacate was $21,196.66); *Mannesmann Dematic Corp. v. Phillips Getschow Co.*, 2001 WL 282796, *2 (N.D. Tex. Mar. 16, 2001) (dismissing motion to confirm arbitration award for lack of jurisdiction where award, which established the amount in controversy, was $64,035.00).

Because the Court lacks jurisdiction to compel arbitration of Kinnard's claims, his Emergency Motion to Reconsider Order Granting Defendants' Motion to Enforce

Arbitration Clause & Stay Arbitration (D.E. 100) is **GRANTED**, and the Court's September 3, 2014 Order on Motion to Compel Arbitration (D.E. 95) is **VACATED** as to Plaintiff Kinnard.

Kinnard's claims against Defendants are hereby **DISMISSED** for lack of subject matter jurisdiction. The parties are free to continue with the arbitration currently underway in Harris County, Texas, or Kinnard may refile his case in state court, subject to that Court's ruling on the arbitration issue should it arise.

## IV. Plaintiffs' Motion to Reconsider

### A. Defendants' Objections

Before considering the substantive merits of Plaintiffs' motion to reconsider, the Court first notes that Defendants have objected to portions of Plaintiffs' evidence.[1] The Court has considered both the evidence proffered and Defendants' objections, and to the extent the Court has regarded portions of the evidence as relevant, admissible, and necessary to the resolution of particular issues, it hereby overrules the evidentiary objections. To the extent the Court has not relied on other evidence about which Defendants complain, the remaining objections are denied as moot.

Defendants also object to Plaintiffs amending a motion filed by Kinnard, which complained only about preliminary events in *his* arbitration, in an attempt to re-urge a ruling that the arbitration clause in the OLF Power of Attorney is unenforceable as to all 33 Plaintiffs. The record shows that the Court explicitly stated that "*the Plaintiff* can file an amended motion." D.E. 104, pp. 24:2-3 (emphasis added). The Court did not grant the

[1]. Specifically, Defendants object to Plaintiffs' exhibits A, D, J, K, M, N, and O.

remaining 32 Plaintiffs leave to join Kinnard's motion. Moreover, here, like the movants in *Fedment Trading*, "[Plaintiffs] cite no authority for this motion, but simply recite various fears of preclusion that might stem from the arbitration proceedings . . . ." *Fedment Trading Co. v. M/V Fulvia*, 1992 WL 91956, *1 (E.D. La. Apr. 13, 1992) (denying plaintiffs' motion to reconsider order compelling arbitration of arbitrable claims). Out of an abundance of caution, the Court will nonetheless consider Plaintiffs' motion.

**B. Jury Waiver**

Plaintiffs first argue that the arbitration clause is unconscionable and unenforceable because they did not knowingly waive their right to a jury trial.

Plaintiffs briefly raised the same argument in their Response in Opposition to Defendants' Motion to Enforce or Compel Arbitration Clause, wherein they acknowledged that Texas courts have not addressed this issue and urged the Court to follow a recent decision by the Louisiana Supreme Court invalidating an arbitration provision in an attorney-client retainer in part because the clause did not warn of the waiver of the right to a jury trial. D.E. 73, pp. 20–24 (citing *Hodges v. Reasonover*, 103 So.3d 1069, 1078 (La. 2012)). In rejecting this argument, this Court distinguished the facts of *Hodges* and recognized that "a recent Texas intermediate appellate case has expressly rejected *Hodges* as contrary to Texas law." D.E. 95, p. 17 (citing *Royston, Rayzor, Vickery & Williams LLP v. Lopez*, 2013 WL 3226847, *6 n.2 (Tex. App.—Corpus Christi June 27, 2013)).

It does not appear that Plaintiffs have presented any new evidence or new legal theories regarding waiver of a jury trial that could not have been raised prior to the Court's ruling on this issue. Therefore, the Court will not consider Plaintiffs' arguments.

**C. Limits on Defendants' Liability**

Plaintiffs next argue that the arbitration clause is unconscionable and unenforceable because the clause limits Defendants' liability, as Plaintiffs are unable to effectively vindicate their claims. Specifically, Plaintiffs complain that Kinnard has been denied the ability to conduct necessary discovery and denied the fair opportunity to present his claims, and "[i]t is likely that other Plaintiffs will suffer the same fate as Mr. Kinnard." D.E. 106, p. 20.

In nearly all the cases cited by Plaintiffs in support of this claim, the limitations on discovery were contained in the text of the arbitration clauses themselves. *See Domingo v. Ameriquest Mortg. Co.*, 70 Fed. App'x 919, 920 (9th Cir. 2003) (arbitration provision voided in part because it explicitly limited discovery in a manner that would prejudice employee); *Ostroff v. Alterra Healthcare Corp.*, 433 F. Supp. 2d 538, 547 (E.D. Pa. 2006) (arbitration agreement held unconscionable in part because agreement explicitly provided that "only depositions of experts [were] allowed," such that plaintiff could not depose other witnesses or defendant's employees); *Hooters of America, Inc. v. Phillips*, 39 F. Supp. 2d 582, 614 (D.S.C. 1998) (arbitration agreement voided in part because it explicitly provided that plaintiff was entitled to only one deposition, and she had sued multiple defendants). Here, it is not the arbitration clause in the OLF Power of Attorney

that potentially limits discovery, but the Kinnard Arbitrator's interpretation of the Consumer Rules.

Plaintiffs cite one case wherein a court considered evidence of how the arbitration was actually proceeding in considering whether to enforce a mandatory arbitration clause, after the plaintiff renounced his intention to continue an ongoing arbitration and instead filed suit. *Hoffman v. Cargill, Inc.*, 968 F. Supp. 465 (N.D. Iowa 1997). There, the court expressed "grave doubt" that the plaintiff would "have a fair opportunity to present claims" if he was unable to conduct discovery or subpoena third party witnesses. *Id.* at 475. However, the court nonetheless held that it was powerless to interfere in an ongoing arbitration:

> At this point in the proceedings, however, the FAA does not empower the court to relieve Hoffman of his obligation to abide by NGFA rules. *See* 9 U.S.C. § 10. Further, the court has been unable to locate any judicial authority for interfering with an arbitration proceeding between the parties at this point. *See Harrison v. Nissan Motor Corp.*, 111 F.3d 343, 350 (3d Cir. 1997) (noting that a party to an arbitration agreement cannot seek recourse to the courts until the arbitrators have reached a decision); *Smith, Barney, Harris Upham & Co. v. Robinson*, 12 F.3d 515, 520 (5th Cir. 1994) (stating that the court can affect the arbitration proceedings by vacating, modifying, or correcting an award after it is rendered).
>
> With grim reservation, the court concludes that it is unable to decline enforcement of the arbitration agreement at this posture of the proceedings. However, this conclusion does not mean that Hoffman has no remedy if indeed he is denied a fair opportunity to present his claims. To the contrary, after an arbitration award is issued, the court may modify or vacate that award if Hoffman demonstrates that he was denied a fundamentally fair hearing, or that the arbitration proceeding suffered a § 10 infirmity.

*Id.* at 475.

If Plaintiffs are denied the fair opportunity to present their claims in their individual arbitrations, as they predict, the Court will address this issue after a final arbitration award is rendered in each Plaintiff's case. Until that time, the Court is without jurisdiction to intervene. *See Gulf Guaranty Life Ins. Co. v. Connecticut Gen. Life Ins. Co.*, 304 F.3d 476, 487 (5th Cir. 2002) ("The FAA does not provide therefore for any court intervention prior to issuance of an arbitral award beyond the determination as to whether an agreement to arbitrate exists and enforcement of that agreement by compelled arbitration of claims that fall within the scope of the agreement . . . ."); *Savers Property and Cas. Ins. Co. v. National Union Fire Ins. Co. of Pittsburg, PA,* 748 F.3d 708, 716 (6th Cir. 2014) ("Parties to an arbitration generally may not challenge the fairness of the proceedings . . . until the conclusion of the arbitration and the rendition of a final award.").

**D. Unconscionable Costs**

Plaintiffs next argue that the Court should vacate its order compelling arbitration because it is now evident that the costs of arbitration will exceed the costs of litigation, thereby rendering their claims incapable of vindication. Plaintiffs raised the same argument in their Response in Opposition to Defendants' Motion to Enforce or Compel Arbitration Clause (D.E. 73), and the Court rejected this claim because Plaintiffs had failed to present admissible evidence that the cost of arbitration was unconscionable.

Since that time, the AAA has granted Plaintiffs' request that the Consumer Rules will apply to all 33 Plaintiffs' claims, thereby capping each Plaintiff's arbitration expenses at $200.00. The Supreme Court has explicitly recognized that the AAA's

Consumer Rules provide a "fair cost and fee allocation" that is "protective" for the consumer. *Green Tree Financial Corp.–Alabama v. Randolph*, 531 U.S. 79, 94-95 (2000). The Court therefore finds that Plaintiffs have failed to show that the cost of arbitration is unconscionable.

**E. AAA's Refusal to Administer Plaintiffs' Claims**

Finally, in their supplement to their motion for reconsideration of this Court's September 3, 2013 Order (D.E. 107), Plaintiffs move the Court to vacate its Order compelling arbitration because the AAA has refused to administer their claims against Defendants. In support of this claim, Plaintiffs offer correspondence dated March 27, 2014, from the AAA in an unrelated arbitration, whereby the AAA informed OLF that it "must decline to administer this claim and any other claims between [OLF] and its consumers." *Id.*, Ex. 1. In response, Defendants have offered evidence regarding two letters from the AAA dated June 13, 2014 (both of which were addressed to counsel for Plaintiffs and Defendants in this case), wherein the AAA clarified that it will administer arbitrations involving OLF that are brought about by a court order. D.E. 128.

Because the arbitrations in this case were court ordered, Plaintiffs are unaffected by the AAA's March 27, 2014 letter, and the Court will not vacate its Order compelling arbitration.

**F. Redistribution of Costs**

In the alternative, Plaintiffs ask the Court to modify its previous Order compelling arbitration by ordering Defendants to pay all costs associated with arbitration. As set forth above, Plaintiffs were successful in convincing the AAA that the Consumer Rules

should apply. Defendants have already paid more than $100,000.00 in arbitration costs, and Plaintiffs have failed to show that they will incur any further costs beyond the initial $200.00 filing fee each Plaintiff previously paid. Because Defendants are already paying nearly all of the costs of arbitration, the Court need not modify its prior order.

**V. Conclusion**

Accordingly, it is hereby **ORDERED** as follows:

1) Plaintiff Kinnard's Emergency Motion to Reconsider Order Granting Defendants' Motion to Enforce Arbitration Clause & Stay Arbitration (D.E. 100) is **GRANTED**;

2) The Court's September 3, 2013 Order on Motion to Compel Arbitration (D.E. 95) is **VACATED** as to Plaintiff Kinnard;

3) Kinnard's claims against Defendants are **DISMISSED**; and

4) Plaintiffs' Amended Emergency Motion to Reconsider Order Granting Defendants' Motion to Enforce Arbitration Clause (D.E. 106) is **DENIED**.

ORDERED this 29th day of July, 2014.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE